UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE JOSEPH BROWN | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:14CV377-RHW |
| APRIL MEGG et al | DEFENDANTS |

## ORDER DENYING MOTION TO DISMISS

Before the Court is Defendants' motion to dismiss Plaintiff Eddie Joseph Brown's complaint for failure to exhaust administrative remedies. Doc. [37]. Brown, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that he received inadequate medical care for a condition that ultimately required surgery. Doc. [1]. Plaintiff alleges that the condition first manifested itself on July 9 or 10, 2014. *Id.* at 4. In an amended complaint, Plaintiff alleges that the condition began July 14, 2014. Doc. [25] at 3. The Court conducted a screening hearing on December 11, 2014, and entered a case management order. Minute Entry 12/11/2014 & Doc. [19]. Defendants filed the instant motion arguing that Brown has failed to comply with the provisions of the Mississippi Department of Corrections (MDOC) Administrative Remedy Program (ARP). Doc. [37].

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to §1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.

2003) overruled on other grounds by *Jones v. Bock* 549 U.S. 199, 214-15 (2007). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The Fifth Circuit takes a "strict approach to the exhaustion requirement." *Days*, 322 F. 3d at 866. However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *Id.* Dismissal under § 1997(e) is made on the pleadings without proof. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998). As long as the prisoner has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal. *Id.*

Plaintiff did not allege in his initial complaint whether he exhausted administrative remedies. Doc. [1] & [8]. However, in an amended complaint, Brown alleged that he used the prison's administrative remedy program. Doc. [25] at 7. Specifically, he alleged that he submitted an emergency grievance to Warden Morris on July 18, 2014, and that he submitted another grievance on October 7, 2014. *Id.* At the screening hearing, Plaintiff also testified under oath that he made a complaint through the administrative remedy program. Doc. [22] at 14, 18-19. The Court finds that Plaintiff has alleged exhaustion with sufficient specificity.

Defendants attached the affidavit of Joseph Cooley, ARP Investigator II, as an exhibit to the motion to dismiss. Doc. [37-2]. By submitting Cooley's affidavit, Defendants in effect have converted their motion to a motion for summary judgment on the issue of exhaustion. *See Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Cooley states that on July 17, 2014, Plaintiff filed a grievance through the administrative remedies program concerning Islamic meals. *Id.* In

2

response to the motion to dismiss, Plaintiff again argues that he submitted an emergency grievance on July 18, 2014 to Warden Morris. Doc. [40] at 5. He said he used this method because the prison was on lock down at the time. *Id.* Plaintiff also argues that he submitted grievances in October and December 2014. *Id*. at 8-9.

Cooley's affidavit speaks only to Plaintiff's grievance filed on July 17, 2014, which apparently did not relate to Plaintiff's medical condition. Doc. [37-2]. Cooley's affidavit is silent as to any other grievances filed by Plaintiff. Cooley does not confirm or deny whether Plaintiff filed grievances related to the medical condition. On the other hand, Plaintiff alleged in his amended complaint and testified under oath that he did file grievances with respect to medical treatment. Defendants have not offered any competent summary judgment evidence to contradict Plaintiff's allegations. Based on the foregoing, the Court finds that Defendants' motion to dismiss should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [37] Motion to Dismiss is DENIED.

SO ORDERED, this the 30th day of April, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE